**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000091**
**19-DEC-2018**
**08:01 AM**

NO. CAAP-18-0000091

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF LE

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 16-00121)

ORDER DISMISSING FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Appellant Mother appeals from the Order Terminating Parental Rights, filed on January 16, 2018, in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Mother contends: (1) there was no clear and convincing evidence that it was not reasonably foreseeable Mother would become willing and able to provide her child, L.E., with a safe family home within a reasonable period of time; (2) Mother was not given a reasonable opportunity to engage in a "higher level of care"; and (3) the Family Court erred by finding Mother lacked insight into her domestic violence issues because her conduct was not unsafe.

For the reasons discussed below, we conclude Mother's appeal is untimely, proceedings were not fundamentally unfair as a result of the untimely appeal, and thus the appeal is dismissed for lack of appellate jurisdiction.

---

[1] The Honorable Paul T. Murakami presided.

## Appellate Jurisdiction

The Order Terminating Parental Rights[2] was filed on January 16, 2018, and thus the latest deadline for Mother to file a notice of appeal was February 15, 2018. See Rules Expediting Child Protective Appeals (**RECPA**) Rule 3.[3] Mother's notice of appeal was filed on February 16, 2018, which was one day late.

It thus appears from the record that Mother's counsel was ineffective in failing to timely file an appeal in this case.[4] In termination of parental rights cases, the Hawai'i Supreme Court has held that "the proper inquiry when a claim of ineffectiveness of counsel is raised in a termination of parental rights case is whether the proceedings were fundamentally unfair as a result of counsel's incompetence." In re RGB, 123 Hawai'i 1, 25, 229 P.3d 1066, 1090 (2010) (emphasis added). In particular, the supreme court "adopt[ed] a fundamental fairness test, rather than importing criminal law concepts directly[.]" Id.

---

[2] A family court order that infringes on parental custody rights is an appealable decision. In Interest of Doe, 77 Hawai'i 109, 114-15, 883 P.2d 30, 35-36 (1994).

[3] RECPA Rule 3 provides:

> When an appeal is permitted by law, the notice of appeal shall be filed within 15 days after entry of the judgment or appealable order or decree. If the appeal is not filed within the 15-day period, but is otherwise filed within the time permitted by Rule 4 of the Hawai'i Rules of Appellate Procedure, the appeal shall not be dismissed for lack of jurisdiction, but the appellate court shall require the late-filing party or counsel to show cause as to why the party or counsel did not comply with the 15-day filing requirement. Absent good cause, the court may assess an appropriate monetary sanction against the responsible party or counsel.

Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) provides that a notice of appeal "shall be filed within 30 days after entry of the judgment or appealable order." Thus, Mother's notice of appeal was required to be filed no later than 30 days after the Order Terminating Parental Rights was filed.

[4] The Family Court appointed counsel for Mother on June 23, 2016. Following entry of the Order Terminating Parental Rights, Mother's initial counsel decided to withdraw. Based on declarations filed in this court, a second attorney agreed to represent Mother as of February 8, 2018, to handle her appeal. Mother's second counsel filed the untimely notice of appeal and has since filed all documents on behalf of Mother in this appeal.

Although no claim of ineffective assistance of counsel is asserted, we must independently determine whether we have appellate jurisdiction. Given the standard adopted in In re RGB, we conclude we must review whether the proceedings in this case are fundamentally unfair due to the failure by Mother's counsel to timely file an appeal. Thus, in essence, we must review Mother's claims of error by the Family Court.

**Review of Errors Asserted By Mother**

Points of error (1) and (3). There was clear and convincing evidence to support the Family Court's determination that Mother was not presently willing and able to provide L.E. with a safe family home, even with the assistance of a service plan, and that it was not reasonably foreseeable that Mother would become willing and able to provide L.E. with a safe family home, even with the assistance of a service plan, within a reasonable period of time. In re Doe, 100 Hawai'i 335, 344, 60 P.3d 285, 294 (2002). The Family Court found the testimony of Tracy Ober (**Ober**), a DHS social worker, to be credible. See Findings of Fact (**FOF**) Nos. 37 and 65. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks omitted).

Ober testified Mother was not currently willing and able to provide a safe family home, even with the assistance of a service plan, and it was not reasonably foreseeable Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, because there had been little to no sustained progress. Ober identified Mother's unresolved domestic violence/anger management issues and lack of bonding with L.E. as a concern. DHS first became involved with the family after Mother and Father took L.E. to a hospital with a slight bump on the head after falling off a bed, and at the hospital Mother and Father had

verbal altercations and threw things at each other in the presence of hospital staff. However, Mother claimed DHS opened a case because Father's family does not like her and paternal grandfather wanted custody of L.E. Ober testified Mother did not complete domestic violence education and counseling, yet Mother testified that she did not believe she had anger or domestic violence issues because she got the help she needed. Mother also testified that she completed domestic violence training. At the time of trial, Ober testified that Mother was not participating in any of the services that had been recommended by DHS. Ober testified it would be very hard for DHS to allow L.E. to be in an environment where domestic violence was still an issue because L.E., due to her age, is not yet verbal and thus would not be able to protect herself in that type of situation.

Father testified that DHS opened a case for L.E. because he and his parents called one day when he and Mother were "domestically fighting[,]" his mom and Mother were "kind of grabbing the baby, pulling 'em away from each other[,]" and then Mother "took off with the baby." At trial, Mother testified she had resolved her issues with domestic violence, but Father testified they fought so loud neighbors could hear them, police got involved five or six times in the past five years, and there were ongoing domestic violence issues in their relationship. Father also testified that "a year half ago", Mother had falsely accused him of hitting her while in a car, a guy in a car next to them called the police, Father in turn called the police to tell them his story, Mother finally said Father did not hit her, but Father was put in jail for seventeen hours. Also at trial, while Father was testifying that he and Mother had ongoing domestic violence, Mother interjected numerous comments, Mother and Father exchanged comments with each other, and both were admonished by the Family Court.

The Family Court also found the testimony of Maria Coloma, MFT (**Coloma**), Mother's counselor for domestic violence counseling, to be credible. See FOF No. 64. Coloma stated

4

individuals with domestic violence issues lack self-esteem, are unable to provide a safe home, and have interpersonal problems. In her opinion, Mother was far from being able to address issues and appeared closed off shortly before Mother stopped participating in domestic violence counseling. Coloma confirmed Mother did not complete the program and further testified she did not agree with Mother's belief that Mother had accomplished her goals. In her closing report, dated September 11, 2017, Coloma stated Mother rationalized by stating domestic violence existed and then taking it back, or Mother said it was not as bad, or that something else was happening that was the reason for things going on in the home. Coloma testified Mother would minimalize by saying the abuse was not bad.

L.E. entered foster care on July 5, 2016. There was clear and convincing evidence demonstrating Mother could not provide a safe family home because she had not resolved her domestic violence issues and she lacked insight into her domestic violence issues. Mother argued with Father during the hearing, did not recognize the reason why DHS became involved with the family, erroneously claimed she completed domestic violence counseling, and rationalized and minimized the domestic abuse that occurred in her relationship with Father. Given Mother's belief that there were no domestic violence issues, that she completed domestic violence counseling, and her rationalization or minimization of the domestic violence abuse, it was unlikely Mother would resolve her domestic violence issues in the foreseeable future. Thus, there was also clear and convincing evidence it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, not to exceed two years from the date L.E. entered foster care.

Point of error (2). Mother's claim that she was not given a reasonable opportunity to engage in a "higher level of care" is without merit. Coloma testified she believed Mother

needed a "higher level of care[,]" meaning she needed to see a licensed provider that specializes in domestic violence. Mother was informed of Coloma's recommendation in more than one counseling session and prior to Mother disengaging from domestic violence counseling with Coloma. Coloma stated Mother refused her offer to modify Mother's service plan because Mother believed she had already accomplished her service plan goals. Mother also refused referrals to other service providers offered by Coloma. Thus, the evidence indicates Mother was given a reasonable opportunity to engage in additional recommended services which the service provider believed she needed.

Based on our review of Mother's asserted points of error, we find no error by the Family Court. Given these circumstances, we conclude the proceedings in this case were not fundamentally unfair as a result of the failure by Mother's counsel to timely file an appeal.

Therefore, IT IS HEREBY ORDERED that, due to the untimely filing of Mother's notice of appeal, this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 19, 2018.

Chief Judge

Associate Judge

Associate Judge